FILED
BRYAN COUNTY, OKLAHOMA
DISTRICT COURT CLERK

IN THE DISTRICT COURT OF BRYAN COUNTY
STATE OF OKLAHOMA

DEC 17 2021

DONNA ALEXANDER
COURT CLERK
BY_____ Deputy

MARLON C. VASQUEZ, )
)
Plaintiff, )
)
v. ) Case No. CJ-21-172
)
RICKY A. CARWILE; WOODY )
BOGLER TRUCKING COMPANY; and )
ARCH INSURANCE COMPANY, )
)
Defendants. )

## PETITION

COME NOW Plaintiff, Marlon C. Vasquez, and for his causes of action against the Defendants, Ricky A. Carwile, Woody Bogler Trucking Company and Arch Insurance Company and alleges and states as follows:

1. Plaintiff Marlon C. Vasquez is a resident of Texas.

2. Defendant Ricky A. Carwile is a resident of Missouri.

3. Defendant Woody Bogler Trucking Company is a general for-profit business with its principal office address at 6048 Highway 50, Gerald, MO 63037.

4. Defendant Arch Insurance Company is a New York based insurance company with its principal place of business at 1001 Franklin Ave., Ste. 208, Garden City, NY 11530 and can be served through the Oklahoma Insurance Commission.

### Object and Nature of Action

5. This is an action by Plaintiff to recover actual and punitive damages due to the negligence, gross negligence, and reckless disregard for the safety of others, including the Plaintiff, on the part of Defendants Ricky A. Carwile, Woody Bogler Trucking Company and Arch Insurance Company which resulted in the February 2, 2020 collision

on US Highway 69 near Main Street, Bryan County, Oklahoma and caused injuries to Marlon Vasquez, the Plaintiff.

6. Plaintiff also asserts a direct action against Defendant Woody Bogler Trucking Company's insurer, Defendant Arch Insurance Company, in accordance with Oklahoma law.

### Facts

7. On February 2, 2020, Defendant Ricky Carwile was driving a truck-trailer owned by Defendant Woody Bogler Trucking Company pursuant to his ownership, employment, and/or contractual agreement with Defendant Woody Bogler Trucking Company.

8. Defendant Ricky Carwile was acting within the course and scope of his employment and\or agency with Woody Bogler Trucking Company at the time of the collision.

9. Defendant Ricky Carwile was traveling northbound on US Highway 69 in the left lane.

10. Plaintiff Marlon Vasquez was traveling northbound on US Highway 69 in the right lane.

11. Defendant Ricky Carwile unsafely changed lanes into the right lane already occupied by Plaintiff Marlon Vasquez.

12. Plaintiff Marlon Vasquez suffered significant personal injuries.

### Negligence of Defendants Ricky Carwile and Woody Bogler Trucking Company

13. Plaintiff hereby incorporates Paragraphs 1-12 by reference.

14. Defendant Ricky Carwile was negligent in his driving, and his negligence was a direct cause of the collision with the vehicle owned by Plaintiff and the resulting damage to Plaintiff's vehicle and personal injuries to Plaintiff Marlon Vasquez.

15. Defendants Ricky Carwile and Woody Bogler Trucking Company were also <u>negligent per se</u> given their violations of state statutes and their negligence per se was a direct cause of the collision with Plaintiff's vehicle as well as the resulting vehicle damage and personal injuries of Plaintiff Marlon Vasquez.

16. At the time of the collision, the tractor-trailer being driven by Defendant Ricky Carwile was owned and/or operated by Defendant Woody Bogler Trucking Company.

17. At the time of the collision, Defendant Woody Bogler Trucking Company had given Defendant Ricky Carwile permission to drive the tractor-trailer.

18. At the time of the collision, Defendant Ricky Carwile was driving the tractor-trailer while in the course and scope of his employment or pursuant to contractual agreement with Defendant Woody Bogler Trucking Company.

19. Defendant Woody Bogler Trucking Company had the right and ability to permit, or prohibit, the use of the tractor-trailer driven by Defendant Ricky Carwile on the public roadways the day of the collision at issue.

20. Defendant Woody Bogler Trucking Company had a duty to ensure that Defendant Ricky Carwile was a safe and prudent driver before allowing Defendant Ricky Carwile to drive the tractor-trailer on public roadways.

21. Defendant Woody Bogler Trucking Company's conduct was negligent separate and independent of Defendant Ricky Carwile's negligence.

22. Defendant Woody Bogler Trucking Company <u>negligently entrusted</u> its vehicle to Defendant Ricky Carwile.

23. Defendant Woody Bogler Trucking Company was negligent in its hiring, training, screening, and supervision of Defendant Ricky Carwile.

### Direct Action Against Defendant Arch Insurance Company

24. Defendant Arch Insurance Company insured the Defendant Motor Carrier – Woody Bogler Trucking Company; and, provided insurance coverage for Ricky Carwile, at the time of the collision at issue.

25. Therefore, pursuant to Okla. Stat. Tit. 47 section 230.30, Arch Insurance Company is a properly named party and a direct and joint action can be maintained against said insurance company for the injuries and damages suffered by Plaintiff Marlon Vasquez.

### Punitive Damages Claim Against Defendants Ricky Carwile and Woody Bogler Trucking Company

26. The actions of Defendants Ricky Carwile and Woody Bogler Trucking Company were willful and wanton and in reckless disregard for the safety of others, and/or were grossly negligent.

27. As a direct and proximate result of the wrongful conduct of Defendants Ricky Carwile and Woody Bogler Trucking Company, Plaintiff has sustained damages in excess of amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 and are also entitled to punitive damages.

### Damages

28. As a direct and proximate result of Defendants Ricky Carwile and Woody Bogler Trucking Company's negligence, Plaintiff Marlon Vasquez suffered damages as

follows:

    A. Past and future medical expenses;

    B. Past and future physical pain and suffering;

    C. Past and future mental pain and suffering, and mental anguish associated with and due to the physical injuries received in the collision; and,

    D. Other damages to be more fully set forth after discovery is completed.

29. Because Defendants Ricky Carwile and Woody Bogler Trucking Company acted with reckless disregard for the safety and rights of Plaintiff Marlon Vasquez and acted with reckless disregard for the safety of all Oklahomans, therefore the Plaintiff requests that the jury in this case provide a verdict including punitive damages in an amount necessary to punish and deter the Defendants from this type of conduct.

WHEREFORE Plaintiff, Marlon Vasquez, pray for an award of actual and punitive damages against the Defendants Ricky Carwile and Woody Bogler Trucking Company; and actual damages against Defendant Arch Insurance Company, in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, plus costs, interest, and such other and further relief as the Court shall deem proper.

**ATTORNEY LIEN CLAIMED**

                                                          Respectfully submitted,

                                                          */s/ Blake D. Beeler*
                                                          Blake D. Beeler, OBA #19636
                                                          CARR & CARR
                                                          1350 SW 89th St.
                                                          Oklahoma City, OK 73159
                                                          Telephone: (405) 234-2115
                                                          Facsimile: (405) 234-2199
                                                          bbeeler@carrcarr.com
                                                          **ATTORNEY FOR PLAINTIFF**